UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALFRED CALVIN WHITEHEAD,                    ) | |
| ) | |
| Plaintiff,            ) | |
| ) | |
| v.                                           ) | No. 3:09-1199 |
| ) | Judge Trauger |
| CORRECTIONS CORPORATION OF         ) | |
| AMERICA, ET AL.,                             ) | |
| ) | |
| Defendants.          ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Metro-Davidson County Detention Facility (MDCDF) in Nashville. He brings this action under 42 U.S.C. § 1983 against Corrections Corporation of America (CCA) and four (4) other defendants, all of whom are employed at MDCDF. The plaintiff is suing all of the defendants in their official capacity only.

The complaint sets forth three basic claims. First, the plaintiff asserts that he was treated differently than other inmates who were suspended from the MDCDF Lifeline program following an incident on September 9, 2009. Second, the plaintiff claims that the grievances he filed pertaining to the alleged disparity in his treatment were not processed properly. Finally, the plaintiff alleges without elaboration that he was denied equal protection because of his religion. The documents attached to the complaint establish that the plaintiff is a Muslim.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir.

1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

As previously noted, the plaintiff is suing the defendants in their official capacities only. "A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the individual is an agent. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir.1994); *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, the defendants all are agents of the County of Davidson. Therefore, by suing the defendants in their official capacities only, the plaintiff actually is suing the County Davidson.

Governmental entities cannot be held responsible for a constitutional deprivation committed by their agents, unless there is a direct causal link between a county policy or custom and the alleged violation of constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 442 (6th Cir. 2000). The plaintiff does not allege, nor can it be liberally construed from the complaint, that the defendants acted according to any policy or custom attributable to the County of Davidson. Therefore, the County of Davidson has no liability under § 1983 for the alleged actions of the named defendants.

Even if the plaintiff had sued the defendants in their individual capacities, it would not have

2

made any difference. First, the plaintiff does not have a constitutional right to participate in the Lifeline program. More particularly, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); *Carter v. Corrections Corporation of America*, No. 98-6336, 1999 WestLaw 427352, at * 1 (6th Cir. (Tenn.)).

Second, although prisoners have a First Amendment right to file grievances, *see Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure, *Ilim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, the plaintiff cannot premise a § 1983 claim on allegations that the grievance procedure at MDCDF was inadequate, unresponsive, or improperly administered because there is no inherent constitutional right to an adequate, responsive, or properly administered grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Argue v. Hofmeyer*, 80 Fed.Appx. 427, 430 (6th Cir. 2003)(citing *Antonelli v. Shehan*, 81 F.3d 1422, 1430 (7th Cir. 1996)); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Finally, the plaintiff provides no factual allegations in support of his claim that he was treated differently than his fellow inmates because of his religion. He merely claims that he was denied his right to equal protection. Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy

federal notice pleading requirements. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Because the plaintiff provides no facts in support of his equal protection claim, that claim is conclusory. Conclusory claims are subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

For the reasons stated above, the complaint will be dismissed for failure to state a claim on which relief may be granted.

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge